IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-02906-PAB

TIFFANY ORDONEZ,
STEVE SAXON,
BURR BOYNTON, and
WASATCH CONDOMINIUM ASSOCIATION, a Colorado nonprofit corporation,

    Plaintiffs,

v.

AMERICAN AUTOMOBILE INSURANCE COMPANY, a foreign corporation,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on defendant's Notice of Removal [Docket No. 1]. Defendant states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 1 at 2, ¶¶ 4-5.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish plaintiffs' citizenship.

Defendant's notice of removal states, "upon information and belief," plaintiff Tiffany Ordonez is a resident of Colorado, plaintiff Steve Saxon is a resident of Washington, and plaintiff Burr Boynton is a resident of Idaho. Docket No. 1 at 3, ¶¶ 6-8. Additionally, defendant alleges that: (1) plaintiff Ordonez has a Colorado physician license, a Colorado work address, and a Colorado vehicle registration; (2) plaintiff Saxon owns real property in Washington that serves as the address for various vehicle registrations; and (3) plaintiff Boynton owns property in, is employed in, and has four vehicles registered in Idaho. *Id.* These allegations are insufficient to establish plaintiffs'

citizenship. First, the Court reads defendant's averments "upon information and belief" to mean that defendant does not have affirmative knowledge of plaintiffs' citizenship. Such unsupported allegations do not confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC,* No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same").

Second, the residency of plaintiffs does not establish their citizenship for purposes of diversity jurisdiction. Domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).

Third, although a party's residency, work address, vehicle registration, and ownership of real property in a particular state are indicative of domicile, they are not conclusive. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014) (stating that courts should "consider the totality of the circumstances" to determine a party's domicile); 13E Charles Alan Wright *et al.*, Federal Practice & Procedure § 3612 (3d ed.) (noting that the citizenship inquiry "must be done on a case by case basis" and that "[n]o single factor is conclusive"). Courts typically consider several other factors in

determining a party's citizenship, including "voter registration and voting practices; . . . location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; . . . [and] payment of taxes." *Dumas v. Warner Literary Grp.*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016); *see also Alpine Bank v. Carney Bros. Constr.*, No. 05-cv-00026-EWN-KLM, 2008 WL 4080003, at *3 (D. Colo. Sept. 2, 2008) (citing additional factors, including "length of residence, . . . whether the party moved his or her belongings, and where a party receives mail"). Defendant has addressed none of these. Given that the allegations are somewhat conflicting with regard to the domiciles of plaintiffs Saxon and Boynton – notably, both plaintiffs own real property in at least two states, and plaintiff Boynton has vehicle registrations in both Idaho and Colorado – defendant's allegations are presently insufficient to satisfy the Court of plaintiffs' citizenship.

Because the Court is unable to determine the citizenship of certain plaintiffs or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted), it is

**ORDERED** that, on or before **5:00 p.m.** on **December 5, 2018**, defendant shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

4

DATED November 21, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge